### ORTMAN *v.* WEAVER.

*(Circuit Court, E. D. Michigan.   February 20, 1882.)*

1. CONTRACT—ACCEPTANCE OF PROPOSITION, WHEN BINDING.
    The acceptance of a proposition must be comprehensive, unqualified. and unconditional to make a binding contract.   The proposition must also be accepted within a reasonable time.

2. SAME.
    A person who has once accepted a proposition with modifications, which are declined by the other party, cannot afterwards accept unconditionally, and hold the other party to his original offer.

3. SAME—SPECIFIC PERFORMANCE.
    Hence, where A. offered to sell B. a lot of standing timber upon certain terms, "if it can be arranged to make a finish of it now," and B. accepted, but with material qualifications, and A. made no answer, but proceeded to negotiate with other parties, and after the lapse of a fortnight B. accepted unconditionally, it was *held* that B. could not maintain a bill for specific performance of A.'s original proposition.

Bill for the specific performance of a contract for the sale of standing timber.

The original bill alleged that defendant entered into an agreement in writing with complainant on the seventeenth of July, 1880, to sell him all the pine and hemlock timber upon certain lands in this state for the sum of $3,200; that defendant refused to perform his

contract; and specific performance was prayed. In the supplemental bill complainant further alleged that he had learned that defendant had sold the timber to one Hollenbeck, who, since the filing of the original bill, had cut and removed the timber, by reason of which he sought compensation for a breach of the contract. The answer denied the making of the contract for a sale of the timber, and set up the correspondence between the parties in reference thereto. It admitted the sale and removal of the timber by Hollenbeck, and alleged a sale made to him subsequent to the negotiations with complainant. It was admitted that the entire negotiation respecting the sale of this timber was carried on by letters, the first one of which bore date July 17th, in which defendant made an offer in the following language:

"I will sell the pine and hemlock on the lands in question for $3,200, if it can be arranged to make a finish of it now. The note of yourself, with indorser or maker of the note, which paper may be six months, with interest at 7 per cent., and such as a good man I will name in Detroit will say is good. I will give you a deed or contract."

To this complainant replied, under date of July 17th, as follows:

"In reply to your favor of the twelfth inst. I ask you to make deed for the pine and hemlock timber now standing, lying, and being upon [giving a description of the lands] in the names of M. E. Ortman and De Forest Paine, of Detroit, Michigan, and forward the same to M. W. O'Brien, Esq., cashier of People's Savings Bank of this city, with instructions, if you please, to collect at sight $500 or $700, and also accept for the balance a note made by M. E. Ortman and De Forest Paine jointly, indorsed by me, for six months from date of deed, with 7 per cent. interest, and upon the payment of said note permit to deliver said deed to them; otherwise at maturity, if not paid, return said deed to you. Please advise at your earliest convenience, and oblige."

No reply being received to this letter, on July 31st Mr. Paine, complainant's partner in the purchase, wrote to defendant as follows:

"Mr. Ortman informed me about two weeks ago that he had written you, accepting your proposition and requesting you to forward papers to M. W. O'Brien, cashier of the Peoples Saving's Bank. Mr. Ortman has been ill, and not hearing from you I take the liberty to write you in his stead. The money and papers are ready for you. Please send deed as requested, or to any man you see proper to name to pass upon the paper, and deliver your deed, and oblige."

Upon August 4th complainant telegraphed to defendant as follows:

"Yours to Mr. Paine here. I accepted your proposition in yours of the twelfth ultimo, and bought the timber. I am and always have been ready to fulfil. I demand fulfilment on your part. Answer by telegram on receipt of this, and failure to so answer I shall take as a refusal. If sold, to whom?"

It would appear that one Hollenbeck was, about this time, seeking to purchase this timber; that he informed defendant by telegram, about July 28th, that he would accept his offer to sell at $3,200, and upon August 2d met defendant at Albany, when a contract was given him. Upon this state of facts the question arose whether complainant could maintain this bill.

*De Forest Paine*, for complainant.

*W. S. Tennant*, for defendant.

BROWN, D. J. It is entirely clear that complainant's letter of July 17th was not an acceptance of the proposition contained in defendant's letter of the 12th. It is well settled that while the acceptance of an offer may be very brief, it must be comprehensive and unconditional. It must go to the whole of the offer, and must not attempt to qualify or vary any of its terms. 1 Parsons, Cont. 475; Waterman, Cont. 174.

If any further correspondence or action is required by either of the parties to determine whether the offer shall be accepted, the contract is incomplete. While the letter of July 12th contained the simple proposition, viz., to sell for $3,200, if closed at once, for which defendant offered to accept complainant's note for six months, with interest at 7 per cent., with a good indorser, to be approved by defendant, or some person named by him, the letter of July 17th qualified this offer in the following particulars:

(1) That $500 or $700 should be paid in cash, upon delivery of the deed.

(2) That the note for the residue should be given by M. E. Ortman, complainant's wife, and De Forest Paine, jointly, indorsed by complainant.

(3) That the deed should be made to M. E. Ortman and De Forest Paine, jointly.

(4) That it should be forwarded to O'Brien and held by him until the note matured, and if the note were not paid it should be returned to defendant.

Bearing in mind that defendant was desirous of "making a finish of it now," and of assuring himself that the paper should be good and collectible, it will be seen that in complainant's reply he proposed to give security selected by himself, and to have the matter remain open until the maturity of the note, when, if it were not paid, the deed should be returned. It is also clear that nothing can be claimed upon complainant's telegram of August 4th, since complainant had sold the lands two days before to Hollenbeck.

The bill, then, if sustained at all, must rest upon Mr. Paine's letter of July 31st, which is claimed to have been an unequivocal acceptance of defendant's proposition. Assuming it to be such, the question

arises whether, after having once declined defendant's proposition of July 12th, he was at liberty to accept it, and whether his acceptance was not too late. The letter of July 17th, not being an acceptance of defendant's proposition, he was entitled to treat it, and did treat it, as a rejection. Complainant therein made certain qualifications, which amounted to an offer on his part, and required a reply from the defendant. Receiving no reply, he was not at liberty to accept the original proposition unconditionally. Mr. Parsons, in his work upon Contracts, vol. 1, p. 477, states the proposition as follows:

" The party making the offer may renew it, but the party receiving it cannot reply, accepting with modifications, and, when these are rejected, again reply, accepting generally, and upon his acceptance claim the right of holding the other party to his first offer."

No cases are cited by him; but the case of *Hyde* v. *Wrench*, 3 Beav. 384, supports this proposition. In this case the defendant, on the sixth of June, offered in writing to sell his farm for a thousand pounds. The plaintiff offered £950, which the defendant, on the twenty-seventh of June, after consideration, refused to accept. On the 29th the plaintiff, by letter, agreed to give a thousand pounds, but there appeared to be no assent on the part of the defendant, though there had been no withdrawl of the first offer. *Held*, that there was no binding contract within the statute of frauds. This case varies from the one under consideration only in the fact that in *Hyde* v. *Wrench* the plaintiff's modification of defendant's offer was expressly rejected by defendant. In this case the rejection can only be inferred from the fact that defendant declined to reply to complainant's letter and proceeded to sell the land to another party.

The case of *Fox* v. *Turner*, 1 Bradw. 153, is still more directly in point. It was there held that a proposal to accept an offer on terms varying from those proposed amounts to a rejection of the offer, and a substitution in its place of a counter proposition. This cannot become a contract until assented to by the first proposer. The original offer thereby loses its vitality, being, so to speak, passed by in the course of the negotiation so as to be no longer binding between the parties. It becomes an open proposition again only when renewed by the party who first made it. Hence the party who submitted the counter proposition cannot, without the assent of the other party, withdraw or abandon the same and then accept the original offer which he has once virtually rejected. I would not say that a person might not accept an offer with qualifications upon one day, and upon the next day, and before his counter proposition is rejected,

accept unconditionally. But where the qualified acceptance is rejected, or sufficient time has elapsed from which a refusal should be inferred, the party to whom the offer is made cannot then treat it as still in force and accept it. In the case under consideration there was a total neglect on the part of defendant to answer or notice complainant's letter for two weeks. The inference was inevitable that he declined the modifications proposed.

2. But I think the letter of July 31st is open to the further objection that it was not seasonable. Assuming that after the letter of July 17th it was still within his power to accept, it is entirely clear that the acceptance must have been made within a reasonable time. If, by the original proposition, a time is limited within which the other party may accept, he must mail his letter of acceptance within that time, and if a reply is requested by return mail he must at least mail his reply within 24 hours from the time the offer is received. *Maclay* v. *Harvey*, 90 Ill. 525; *Minn. Oil Co.* v. *Collier Lead Co.* 4 Dillon, 435; *Dunlop* v. *Higgins*, 1 House of Lords, 381.

If no definite time is stated then the offer must be accepted within a reasonable time under all the circumstances of the case. Now, bearing in mind that other parties were seeking to buy this land, and that defendant was desirous of making an immediate disposition of it, it seems to me that the delay of over two weeks was much longer than the offer warranted. I think the defendant was authorized to treat the letter of July 17th as a rejection of his offer, and was at liberty to proceed and dispose of the land to other parties.

A decree will be entered dismissing the bill.